SAMUEL ROSEN, RESPONDENT, v. ROYAL INDEMNITY COMPANY, APPELLANT.

Submitted May 31, 1929—Decided February 3, 1930.

For the appellant, *John W. McGeehan, Jr.*

For the respondent, *Andrew Van Blarcom.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit is based upon a burglary insurance policy issued by the defendant company to the plaintiff. The latter's claim was that his residence had been broken into during the period covered by the policy and that $50 in cash belonging to him, and certain jewelry belonging to his wife had been stolen therefrom; the wife having left the jewelry in his charge while she was a patient in the hospital; and that by the terms of the policy the defendant was obligated to pay $50 on account of the moneys stolen, and also the value of the stolen jewelry belonging to the wife. The defendant denied liability, claiming that the loss was not covered by the policy. The trial resulted in a verdict in favor of the plaintiff for the full amount of his claim.

The only ground of reversal submitted by the appellant is that the trial court should have nonsuited the plaintiff for the reason that the evidence submitted by him showed that he was not the owner of the jewelry that had been stolen, but that it belonged to his wife; and that consequently, although the proofs submitted by him clearly showed the burglarious entry and the stealing of the money of the husband and the jewelry of the wife, he had not sustained any loss, by reason of this robbery, which was covered by the policy. This contention, however, overlooks the fact that, concededly, the policy covered moneys stolen from the insured to the extent of $50. Consequently, the plaintiff was entitled to a verdict for that amount at least, and for this reason the granting of the motion for nonsuit would have been legally erroneous. Aside from this, however, in our opinion the plaintiff was entitled, under the terms of the policy, to recover the value of his wife's jewelry. That instrument contained the following provision: "In consideration of the premium named, &c., the Royal Indemnity Company does hereby agree to indemnify the assured (*i. e.,* the plaintiff) *for* all loss by burglary, larceny or theft of property within the interior of the premises;" and the policy then defines the word "property" as used therein as "articles belonging to the insured or any permanent member of the household of the insured who does not pay board or rent, or is a relative of the assured permanently residing with him, but shall not include such articles owned by domestic servants or other employes." By this language it seems to us perfectly clear that the obligation of the defendant company is not limited to the compensation of the *insured* for the loss of the property belonging to and stolen from him, but also requires payment to him of such a sum of money as represents the value of stolen property that belonged to his wife; for not only is she a permanent member of his household who does not pay board or rent, but she is a relative by marriage of the insured who permanently resides with him. Whether the wife, as the owner of the jewelry which is covered by the policy, will be entitled to recover from the insured the money received by him from the company is

a matter not involved in the present litigation, and we therefore express no opinion upon it.

The judgment under review will be affirmed..

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.